**In the United States District Court
for the District of Kansas**

---

**United States of America**,
                Plaintiff,

v.                                                 Case No. 21-10068-01 JWB

**Dustin Kenneth Strom**,
                Defendant.

---

## Motion to Withdraw as Counsel

Mr. Strom has requested that undersigned counsel file a motion asking the court to remove him as counsel. Although counsel disagrees that he should be removed as counsel for Mr. Strom, counsel files this motion to raise the issue and requests a hearing to allow Mr. Strom to offer his position to the court.

### A. Legal background

While Mr. Strom has a constitutionally protected right to counsel, "there is no absolute right to counsel of one's choice." *United States v. Padilla*, 819 F.2d 952, 956 (10th Cir. 1987); *United States v. Nichols*, 841 F.2d 1485, 1504 (10th Cir. 1988) ("An indigent defendant must be provided with appointed counsel at state expense. But an indigent defendant does not have a right to choose appointed counsel."); *United States v. Johnson*, 961 F.2d 1488, 1490 (10th Cir. 1992).

The Sixth Amendment does guarantee the right to conflict-free counsel; the right to counsel "includes the right to representation that is free from conflicts of interest."

*Gardner v. Galetka*, 568 F.3d 862, 886 (10th Cir. 2009). But the law defines conflict of interest narrowly as "a division of loyalties that affected counsel's performance," *Mickens v. Taylor*, 535 U.S. 162, 172 n.5, 122 S.Ct. 1237, 152 L.Ed.2d 291 (2002). While demonstrating a conflict of interest is one way for a defendant to show good cause to warrant substitution of counsel, *United States v. Porter*, 405 F.3d 1136, 1140 (10th Cir. 2005), no replacement is appropriate if counsel is competent and defendant cannot establish good cause entitling him to new counsel despite defendant's dissatisfaction. *United States v. Beers*, 189 F.3d 1297, 1302 (10th Cir. 1999) (disagreement on strategic decisions insufficient); *United States v. Willie*, 941 F.2d 1384, 1391 (10th Cir. 1991) (disagreement over the interpretation of the law insufficient); *United States v. Padilla*, 819 F.2d at 956 ("The defendant apparently found his appointed and retained counsel ineffective because they would not structure a defense as he directed. However, his complaints about counsel do not constitute good cause for substitution of counsel.").

The Court certainly has wide discretion when deciding whether substitute counsel should be appointed. *United States v. Beers*, 189 F.3d at 1302. "To warrant a substitution of counsel, the defendant must show good cause, such as a conflict of interest, a complete breakdown of communication or an irreconcilable conflict which leads to an apparently unjust verdict." *Padilla*, 819 F.2d at 955. (cleaned up). And "good cause" for substitution of counsel consists of more than a mere strategic disagreement between a defendant and his attorney, see *Beers*, 189 F.3d at 1302; rather, there must be a total breakdown in communications. *United States v. Doe #*

2

*1*, 272 F.3d 116, 124 (2d Cir. 2001). *United States v. Lott*, 310 F.3d 1231, 1249 (10th Cir. 2002).

### B. Communication breakdown standard and factors

The types of communication breakdowns that constitute "total breakdowns" defy easy definition, counsel knows of no court or commentator who has put forth a precise definition. As a general matter, however, counsel believes that to prove a total breakdown in communication, a defendant must put forth evidence of a severe and pervasive conflict with his attorney or evidence that he had such minimal contact with the attorney that meaningful communication was not possible. *United States v. Lott*, 310 F.3d 1231, 1249 (10th Cir. 2002).

The Tenth Circuit has used a four-factor test to examine the constitutional implications of a total breakdown in communication including counsel unable to provide an "adequate defense."

1) whether the defendant's motion for new counsel was timely;
2) whether the trial court adequately inquired into defendant's reasons for making the motion;
3) whether the defendant-attorney conflict was so great that it led to a total lack of communication precluding an adequate defense; and
4) whether the defendant substantially and unreasonably contributed to the communication breakdown.

*Romero v. Furlong*, 215 F.3d 1107 (10th Cir. 2000).

### C. Conflict of interest

An actual conflict of interest means a "conflict that affected counsel's performance—as opposed to a mere theoretical division of loyalties." *Mickens*, 535

U.S. at 171, 122 S.Ct. 1237 (emphasis added). In other words, an actual conflict exists when "counsel [is] forced to make choices advancing other interests to the detriment of his client." *United States v. Alvarez*, 137 F.3d 1249, 1252 (10th Cir. 1998). An actual conflict can support an ineffective assistance of counsel claim where the conflict prejudiced the defendant's representation. See *Strickland v. Washington*, 466 U.S. 668, 687–88, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Generally, a defendant must demonstrate prejudice flowing from the conflict, but in some circumstances, a court will presume prejudice when the conflict amounts to the complete denial of counsel. See *id.* at 692, 104 S.Ct. 2052; *United States v. Cronic*, 466 U.S. 648, 658–60, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984).

Counsel requests that the Court permit him to remain assigned to the case. Undersigned counsel does not believe that substitution of counsel is necessary, because there is no actual conflict and there is not a fundamental breakdown in the attorney-client relationship. However, counsel requests the court hold a hearing on the matter so that Mr. Strom may provide his position to the court.

                    Respectfully submitted,

                    s/David J. Freund
                    DAVID J. Freund
                    Sup. Ct. No. 17736
                    Assistant Federal Public Defender
                    Federal Public Defender Office
                    301 N. Main, Suite 850
                    Wichita, KS 67202
                    Telephone: (316) 269-6170
                    Fax: (316) 269-6175
                    E-mail: david_freund@fd.org

## **CERTIFICATE OF SERVICE**

    I hereby certify that I electronically filed the foregoing with the Clerk of the Court on April 12, 2022, by using the CM/ECF system, which will send a notice of electronic filing to all interested parties.

                                            s/David J. Freund
                                            DAVID J. Freund, Sup. Ct. No. 17736