## In the United States District Court
## for the District of Kansas

---

**United States of America**,
            Plaintiff,

v.                                  Case No. 21-10068-01 JWB

**Dustin Kenneth Strom**,
            Defendant.

---

## Motion for a Pretrial *James* Hearing

---

Dustin Kenneth Strom asks this Court to schedule a pretrial hearing, pursuant to Federal Rule of Evidence 104, to determine whether any alleged co-conspirator statements are admissible under FRE 801(d)(2)(E). This rule holds that certain statements by non-testifying co-conspirators may not be excluded as hearsay. A pretrial hearing, commonly known as a *James* hearing, will allow the parties to identify the controverted statements and the Court to determine admissibility before trial.

### 1. Relevant Facts

Multiple counts of this prosecution are built primarily on written or spoken words. Counts 1 and 2 of the Superseding Indictment charge two separate conspiracies between Dustin Strom and Thommie-Lyn Stansky to violate the law. Count 10 of the Superseding Indictment charges a conspiracy between Dustin Strom and Dillon Everman to violate the law. Specifically, Count 1 alleges a

conspiracy between Strom and Stansky to produce child pornography involving Minor Victim 1. Count 2 alleges a conspiracy between Strom and Stansky to produce child pornography involving Minor Victim 2. Count 10 alleges a conspiracy between Strom and Everman to produce child pornography involving Minor Victim 1. The essence of a conspiracy "is an agreement to commit an unlawful act."[1] Here, the alleged conspiracies are based on in-person communications and messages exchanged through various online messaging applications.

The discovery provided in this case by the government reflect the government will likely attempt to establish the three conspiracies largely through the presentation of alleged electronic communications between Mr. Strom and his codefendants. Thousands of such communications have been provided to counsel in discovery. As of now, it is unknown who among these speakers will testify at trial.

### 2.  Legal Framework

Generally, hearsay is inadmissible at trial.[2] This is rooted in the Sixth Amendment promise that an accused will have opportunity to confront their accusers.[2] The law allows, however, some exceptions, including those statements made by co-conspirators made in furtherance of the conspiracy,[3] that is, statements "directing the conduct of a fellow conspirator or agreeing to follow directions."[4] This exception is codified in FRE 801(d)(2)(E):

---

[1] *Iannelli v. United States*, 420 U.S. 770, 777 (1975).

[2] *Crawford v. Washington*, 541 U.S. 36, 42 (2004).

[3] *Crawford*, at 56 ("statements in furtherance of a conspiracy" are examples of "statements that by their nature [are] not testimonial.").

[4] *United States v. Faulkner*, 439 F.3d 1221, 1226 (10th Cir. 2006).

> (d) Statements That Are Not Hearsay. A statement that meets the following conditions is not hearsay:
>
> > (2) An Opposing Party's Statement. The statement is offered against an opposing party and:
> >
> > > (E) was made the party's coconspirator during and in furtherance of the conspiracy.

The Tenth Circuit noted that, although this is labeled as non-hearsay, the Supreme Court has consistently refers to it as a hearsay exception.[5] The statements should reveal the existence of an agreement to violate the law, rather than offered for the truth of the matter asserted.[6]

## 2.1  Request for a *James* hearing

Federal Rule of Evidence 104(a) provides: "Preliminary questions concerning . . . the admissibility of evidence shall be determined by the court." The admissibility of unsworn, out-of-court statements is preliminary questions that should be resolved by the court pretrial,[7] commonly known as a *James* hearing.[8] A pretrial determination would be more efficient and economical than a mid-trial interruption. It will also better allow the parties to assess the evidence and prepare for trial. The Tenth Circuit encourages *James* hearings to avoid mid-trial complications.[9]

---

[5] *Id.* at 1227, n. 1.

[6] *Id.* at 1226-27.

[7] *Bourjaily v. United States*, 483 U.S. 171, 175 (1987) ("Petitioner and the Government agree that the existence of a conspiracy and petitioner's involvement in it are preliminary questions of fact that, under Rule 104, must be resolved by the court.").

[8] *United States v. Townley*, 472 F.3d 1267, 1273 (10th Cir. 2007) (discussing a James hearing, citing *United States v. James*, 590 F.2d 575, 582 (5th Cir. 1979)).

[9] *United States v. Urena*, 27 F.3d 1487, 1491 (10th Cir. 1994).

### 2.2  Burden and Order of Proof

The proponent of the unsworn, out-of-court statement must prove by a preponderance that the defendant was a party co-conspirator and that the statement was during and in furtherance of that conspiracy.[10] Five foundational facts must be established:[11] 1) the existence of a conspiracy; 2) that the declarant was a member of that conspiracy; 3) that the defendant was a member of the conspiracy; 4) the statement was made during the course of the conspiracy; and 5) the statement was made in furtherance of the conspiracy.

Conspiracy is defined generally as an agreement between two or more people to violate the law.[12] The proponent must prove that there was a conspiracy, and that the defendant against whom the unsworn, out-of-court statement will be admitted was a party to that conspiracy. The declarant does not need to be formally charged with the conspiracy, but must be a member of the conspiracy. The rule further provides that, "The statement must be considered but does not by itself establish the . . . . the existence of the conspiracy or participation in it under (E)."

Not all statements made by co-conspirators are admissible under FRE 801 (d)(2)(E). "[M]ere narratives between co-conspirators or narrative declarations of past events are not 'in furtherance' of the conspiracy."[13] Conversations, even "casual

---

[10] *Bourjaily*, 483 U.S. at 175 ("The preponderance standard ensures that before admitting evidence, the court will have found it more likely than not that the technical issues and policy concerns addressed by the Federal Rules of Evidence have been afforded due consideration.").
[11] See *United States v. Urena*, 27 F.3d at 1490 (listing these elements in three categories).
[12] *Ocasio v. United States*, 578 U.S. 282 (2016).
[13] *United States v. Roberts*, 14 F.3d 502, 514-515 (10th Cir. 1993).

admissions of culpability," are not in furtherance of the conspiracy "where the statement serves no immediate or future conspiratorial purpose."[14]

The proposed statement must have been made "during" the conspiracy. This may be a different timeframe for each defendant. For example, Dustin Strom was arrested on August 23, 2021. As an alleged party co-conspirator, any statements made by other co-conspirators after his arrest were not "during" Mr. Strom's alleged conspiracy.[15] Therefore, statements by co-conspirators made after Mr. Strom's arrest would not be admissible against him under this rule, even if they were admissible against one of the other defendants.

### 3. Procedure

The defense proposes that the government identify which statements it intends to offer under FRE 801(d)(2)(E). If the defense agrees that it is admissible for that purpose, we will affirm that. If, however, the defense takes issue, we will present the matter to the Court for pretrial determination. The government, as proponent, will have the burden of establishing the five categories set out above.[16]

A pretrial determination is critical for several reasons. First, it will better allow the parties to focus on the evidence that will be admitted and craft the theories of prosecution and defense on the evidence that will be admitted. Second, it will inform whether there are related issues, such as severance, that need to be addressed before

---

[14] *United States v. Wolf*, 839 F.2d 1387, 1393 (10th Cir. 1988).

[15] See *Krulewitch v. United States*, 336 U.S. 440, 442 (1949) ("[A]t the time the conversation took place, the complaining witness, the alleged co-conspirator, and the petitioner had been arrested." Statements were not admissible under this rule, as the object of the conspiracy has already failed; statements to conceal the conspiracy were not in furtherance of the conspiracy.).

[16] Even if the statements are admissible for FRE 801(d)(2)(E), the defense reserves the right to object on other evidentiary or constitutional grounds.

the jury is empaneled. Third, if the evidence is admitted only for limited purposes, the parties will be prepared to request a limiting instruction.[17] Fourth, it allows the parties to assess trial liability and perhaps better inform the need for non-trial resolution. And finally, the Tenth Circuit encourages pre-trial determination of co-conspirator statement admissibility.

## CONCLUSION

The defense asks the Court to grant this motion and order a pre-trial *James* hearing to determine the admissibility of statements alleged coconspirators and for an Order requiring the government to identify such statements.

Respectfully submitted,

s/David Freund
DAVID FREUND, 17736
Assistant Federal Public Defender
Federal Public Defender Office
301 N. Main, Suite 850
Wichita, KS 67202
Telephone: (316) 269-6171
Fax: (316) 269-6175
E-mail: david_freund@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court on May 9, 2022, by using the CM/ECF system, which will send a notice of electronic filing to all parties.

s/David Freund
DAVID FREUND, #17736

---

[17] Fed. R. Evid. 105