# In the United States District Court
## for the District of Kansas

**United States of America**,

Plaintiff,

v.

Case No. 21-cr-10068-JWB

**Dustin Kenneth Strom**,

Defendant.

## Defendant's Notice of Intent to Waive Right to be Present at Restitution Hearing and Waiver of Appearance

Dustin K. Strom, by and through counsel, respectfully submits this Notice and Waiver[1] of his intent to waive his right to be present at the restitution hearing, currently set for January 5, 2023. Mr. Strom asks the Court to accept the attached Waiver of Appearance as a knowing and voluntary waiver of his right to be present at the hearing, or, in the alternative, conduct an advisement hearing.

Federal Rule of Criminal Procedure 43 generally requires defendants to be present at sentencing but allows for circumstances in which defendants

---

[1] *See* Attachment 1 – Waiver of Appearance.

1

may waive the right to be present. *See* Fed. R. Crim. P. 43(c)(1)(B) (explaining that a defendant who has pleaded guilty in a noncapital case waives the right to be present by remaining "voluntarily absent during sentencing"). The right to be present during sentencing may be waived with Mr. Strom's "express or implied consent." *United States v. Jurado-Lara*, 287 F. App'x. 704, 707 (10th Cir. 2008) (citing *United States v. Gagnon*, 470 U.S. 522, 526-529 (1985)); *see also Larson v. Tansy*, 911 F.2d 392, 397 (10th Cir. 1990). The waiver must be both knowingly and voluntarily made. *Jurado-Lara*, 287 F. App'x at 707. Mr. Strom asks that the Court treat this filing as a knowing and voluntary waiver of his right to be present at the restitution hearing.

If this Court harbors any concerns about the validity of the attached written waiver, Mr. Strom asks that the Court conduct an advisement hearing prior to the restitution hearing to advise Mr. Strom of his rights and determine whether the waiver is voluntary and informed. *See United States v. Nacchio*, No. 05-cr-00545-MSK, 2010 WL 11626783, at *2 (D. Colo. Apr. 13, 2010) (noting that courts often presume that a waiver is invalid unless the defendant is advised of his rights in court); *see also United States v. Gordon*, 829 F.2d 119, 125 (D.C. Cir. 1987). The government, through Assistant United States Attorney Molly Gordon, does not oppose this request.

Accordingly, Mr. Strom knowingly and voluntarily waives his right to be present at the restitution hearing currently scheduled for January 5, 2023, and requests that the Court accept his written waiver and excuse his appearance at the hearing. If Mr. Strom's written waiver is insufficient, the Court should hold an advisement hearing in advance of the restitution hearing in order to determine whether Mr. Strom's waiver of appearance is knowing and voluntary.

Respectfully submitted,

*s/David Freund*
DAVID FREUND
Sup. Ct. No. 17736
Assistant Federal Public Defender
Federal Public Defender Office
301 N. Main, Suite 850
Wichita, KS 67202
Telephone: 316-269-6445
Fax:  316-269-6175
Email: david_freund@fd.org

# ATTACHMENT 1

---

## Defendant's Waiver of Appearance at Restitution Hearing

---

Mr. Dustin K. Strom, after consulting with counsel, hereby agrees that:

1.  On June 30, 2022, pursuant to a written plea agreement, Mr. Strom appeared in U.S. District Court in Wichita, Kansas, and pleaded guilty to Counts 1 and 2 of the Superseding Indictment, D.E. 22.

2.  Mr. Strom's sentencing hearing was held on October 19, 2022. The Court imposed 720 months imprisonment (360 months on both Counts 1 and 2 to run consecutively) and 15 years of supervised release; $200 assessment; and $20,000 AVAA assessment.

3.  Mr. Strom appeared in person and with counsel at the sentencing hearing.

4.  Co-Defendant Thommie Lynn Stansky was also sentenced on October 19, 2022. Co-Defendant Dillon E. Everman is scheduled to be sentenced on November 30, 2022.

5.  The Court deferred determining restitution until January 5, 2023.

6.  Mr. Strom is currently in custody at Butler County Jail.

7.  Mr. Strom intends by this agreement knowingly and voluntarily to waive his physical appearance at the restitution hearing currently scheduled for January 5, 2023.

8.  Mr. Strom understands that by signing this waiver of physical appearance, he agrees that the Court may impose an order of restitution upon him as if he were physically present for the restitution hearing.

9.  Mr. Strom understands that, by waiving his physical appearance at the restitution hearing, he is waiving certain rights that he has pursuant to Rule 43 of the Federal Rules of Criminal Procedure that relate to his physical presence at sentencing, including his right to have the Court address him in person, to appear physically, or to present any information pertinent to the Court's determination of restitution.

10. Mr. Strom understands that, by waiving his physical appearance at the restitution hearing, he is waiving certain rights that he has pursuant to the U.S. Constitution, including his rights under the Sixth Amendment and due process.

11. Mr. Strom, after consultation with counsel, knowingly and voluntarily waives his physical appearance at the restitution hearing on January 5, 2023.

Dated: December __6__ 2022

Dustin K. Strom
Defendant

David J. Freund
Attorney for the Defendant