IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>              **Plaintiff,**<br><br>   v.<br><br>**DUSTIN STROM,**<br>**THOMMIE-LYN STANSKY, and**<br>**DILLON EVERMAN**<br><br>              **Defendants.** | Case No. 21-cr-10068-JWB-01, 02, 03 |

**RESTITUTION MEMORANDUM**

In accordance with 18 U.S.C. § 2259, the United States requests the Court order restitution in the above captioned case in the following amounts for the following victims:

1) An amount **no less than $274,429.00**, for Minor Victim 1; and

2) An amount **no less than $182,315.00**, for Minor Victim 2.

The above amounts reflect a **<u>conservative</u>** estimate of the full amount of each victim's losses. These amounts include losses that have been incurred, as well as estimates of projected losses to be incurred in the future. The United States has emailed documentation submitted by the minors' respective guardians in support of these amounts, and will make the same available to the Court is requested or if objection is made.

**I.       Minor Victim 1's Losses**

Because the victimization of Minor Victim 1 involved all three defendants, all three defendants should be held jointly and severally liable for the full amount of Minor Victim 1's losses. Those losses are calculated, or estimated, as follows:

**Already Incurred Losses**

For Minor Victim 1, the guardian of the minor victim has reported spending approximately **$1,150.00** in household costs associated with clothing ($500.00), a bed ($250.00), and a new digital device ($400.00). These are costs directly related to necessary child care expenses, as contemplated under subsection (c)(2)(C) and (F) of 18 U.S.C. § 2259.

Additionally, the guardian of Minor Victim 1 has reported spending approximately **$3,300.00** in necessary transportation costs associated with the case, which are contemplated under subsection (c)(2)(C) of 18 U.S.C. § 2259.

The guardian has submitted documentation showing invoices for in occupational therapy costs between April 2022 to November 2022, at an amount of $132 per session (until October when it changed to $139 per session) with approximately 4 sessions per week. The already incurred losses for occupational therapy are **$19,731.00**, which are contemplated under subsection (c)(2)(B) of 18 U.S.C. § 2259.

Likewise, the guardian has submitted documentation relative to Minor Victim 1's ongoing psychological care, resulting in costs of $350.00 per hour on a weekly basis. As care has already been provided for roughly 1 year, this would result in an estimated incurred loss of **$18,200.00**, which is contemplated under subsection (c)(2)(A) of 18 U.S.C. § 2259.

The guardian also reports lost wages of **$17,000.00**, including an estimated loss of $2,000.00 in 2021 and additional losses of $15,000.00 in 2022 for the transition to part-time work in response to assuming custody and care for the child. This lost income is contemplated under subsection (c)(2)(D) of 18 U.S.C. § 2259.

**Projected Losses**

The full amount of the victim's losses includes any costs that are reasonably projected to be incurred in the future which are a proximate result of the offenses involving the victim. *See* 18

U.S.C. § 2259(c)(2). In this case, reasonably projected losses include psychological therapy, occupational therapy, and transportation to visit the minor victim's half-brother (from whom the minor has become separated from due to the defendants' conduct).

As noted in the documentation related to the minor victim's psychological care, the care provider believes the minor victim will need therapy for at least five years, and likely as many as ten years, if not more. As context, ten years of therapy would put the child into early high school. Because of the nature of the sexual exploitation in this case and its long-term deleterious effects, it is likely that additional therapy may be required intermittently past the period of ten years, to include developmental, transitional, and relational milestones and stressors, such as the dating, moving out, marriage, and parenting his/her own child(ren). In this case particularly, due to the nature of the offenders' relationship to the minor, there is likely to be need for care at these later-in-life transitional or developmental stages.

Psychological care is currently estimated at $350 per hour, 1 time per week. For a 10 year period, an additional $163,800.00 would be required to cover projected costs. With later intermittent psychological care (20 sessions at $350 per session), those costs increase by $7,000.00 for a total projected loss of **$170,800.00** in psychological care.

Occupational therapy is currently occurring at $139 per session, 4 times per week, or $556 per week. The therapist has indicated that continued therapy will be needed until January 2024, a period of roughly 58 weeks, resulting in a projected loss of **$32,248.00** for occupational therapy.

Because the conduct of the defendant's Strom and Stansky resulted in a new custodial placement for Minor Victim 1, separate from the minor's sibling, an additional cost associated with the minor's care and psychological well-being would be bi-annual (twice a year) transportation to see Minor Victim 1's minor sibling (who lives several states away). Facilitating

these visits is necessary to the Minor Victim 1's psychological well-being and development. The estimated costs of such transportation would be $1,200 yearly, for 10 years, or **$12,000.00**.

As noted, these costs are projected based on current costs/estimates, and may be subject to increases due to inflation or service provider rate increases.

## II.   Minor Victim 2's Losses

Because the victimization of Minor Victim 2 involved Dustin Strom and Thommie-Lyn Stansky, but not Dillon Everman, the defendants Strom and Stansky should be held jointly and severally liable for the full amount of Minor Victim 2's losses.

**Already Incurred Losses**

For Minor Victim 2, the father of the minor victim has reported spending an estimated **$315.00** in travel costs associated with retrieving the minor. This amount is based on 252 miles from Arkansas to Kansas, with a total of 504 miles round-trip, at the $0.625 mileage rate.

**Projected Losses**

Because of the extremely young age of Minor Victim 2, the minor is not currently in therapy. However, it is anticipated that the minor will require therapy as the child ages and matures. It is expected that, like Minor Victim 1, Minor Victim 2 will require therapy for at least five years, and likely as many as ten years. As context, ten years of therapy would put the child into middle school. Because of the nature of the sexual exploitation in this case and its long-term deleterious effects, it is foreseeable that additional therapy may be required intermittently past the period of ten years, to include developmental, transitional, and relational milestones and stressors, such as the dating, moving out, marriage, and parenting his/her own child(ren).

Given the similarity in age, it is expected that future psychological care costs for Minor Victim 2 will be similar to those of Minor Victim 1. At $350 per hour, with therapy 1 time per

4

week, the future losses for Minor Victim 2's psychological care would reasonably be projected to reach **$182,000.00**.

## CONCLUSION

The United States requests this Court find the full amount of the victims' losses as outlined above, and that this Court orders restitution for Minor Victim 1 and Minor Victim 2 in the following amounts, payable by the following defendants:

1) Restitution in the amount of $274,429.00 for Minor Victim 1, with joint and several liability for payment by the defendants Dustin Strom, Thommie-Lyn Stansky, and Dillon Everman;

2) Restitution in the amount of $182,315.00 for Minor Victim 2, with joint and several liability for payment by the defendants Dustin Strom and Thommie-Lyn Stansky.

Respectfully submitted,

DUSTON SLINKARD
United States Attorney

*s/ Jason W. Hart*
JASON W. HART
Assistant United States Attorney
District of Kansas
1200 Epic Center, 301 N. Main
Wichita, Kansas  67202
Ph: (316) 269-6481
Fax: (316) 269-6484
Email: jason.hart2@usdoj.gov
Ks. S. Ct. No. 20276

Case 6:21-cr-10068-JWB   Document 113   Filed 01/04/23   Page 6 of 7

**CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all parties.

s/ Jason W. Hart
JASON W. HART
Assistant United States Attorney
